# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

FOURTH JUDICIAL DISTRICT.—May Term, 1836.

### The County of Perry v. John Logan.

Where a prisoner is committed to the jail of one county, for an offence committed in another, and a guard is employed, the county wherein the jail is situated is not liable for the pay of such guard.

Statement of the case.

John Logan, the sheriff of the county of Perry, presented an account to the circuit court of Perry county for allowance, in substance as follows: "County of Perry, to John Logan, late sheriff, Dr. For employing a guard of three persons, to guard a prisoner, Richard Hynes, committed to the jail of said county, from 13th day of April, to 3rd of October inclusive, 1834, 173 days, at 75 cents each,—$389, 25."

The circuit court allowed the account, and directed the county court to allow and pay the same. The county court refused to allow and pay the account. Logan then applied to the circuit for a rule on the county court, to allow and pay the same, or to shew cause why a mandamus should not issue against them. The county court shewed cause, the substance of which is, that Hynes the prisoner, was not arrested and imprisoned in the jail of the county, for an offence by him committed in the county of Perry; but on the contrary, was imprisoned for an offence committed in another county; and that the prisoner was only sent to the jail of Perry county for safe-keeping. On this answer, the circuit court proceeded to hear and determine the matter, without any other or further proof, and adjudged the answer insufficient, and ordered a peremptory mandamus; from that decision, the county court took an appeal to this court.

*G. W. Davis for appellant.*

Argument of counsel for appt.

For the law on this case, the court are referred to the answer of the county court of Perry, on the motion for a peremptory mandamus.

Another error is, that neither the account of John Logan nor the record of the case, shew for what Hynes was committed. It is true the circuit court might have known for what offence Hynes was committed, but this court cannot know; and unless the account had expressed for what Hynes was committed, they ought not to have allowed the account.

*J. Ranney for appellee.*

It is very clear from an examination of the several clauses of the law, referred to by the answer, that nothing else was intended than the regulation of the fees and where the jail is supposed secure; and such fees and expenses so considered, which the county would be liable for in the county where an offence was committed, if retained in such county in prison. As well might Perry county call upon Madison county, the state or prisoner himself, to build or repair her jail, as to pay the guard on account of its insufficiency. It is made the duty of each county to maintain in good repair, a jail in such county for the safekeeping of all persons committed by authority, without reference to the county locality of offences in the state.—See revised code, page 410, sec. 1 page 411 sec. 3, page 412, sec. 7; revised code, page 258, sec. 1, page 260, sec. 8. It is made the duty of the county court to cause to be repaired, jail and other county buildings, and to tax the inhabitants.—Act of 12th Jan. 1829, page 13.

Opinion of the court delivered by McGirk J.

Opinion of the
the court.

Where a prisoner
is committed to
the jail of one
county, for an of-
fence committed
in another, and a
guard is employ-
ed, the county
wherein the jail is
situated is not lia-
ble for the pay of
such guard.

Mr. Davis, the circuit attorney, for the county court, alleges that the answer of the county court is entirely sufficient to enable the county to avoid the payment of the account. Mr. Ranney for Logan, contends that it was the duty of the county (and that it is the duty of every county in the State,) to provide a good and sufficient jail, to hold all prisoners that may be lawfully committed to jail; no matter whether from the county or from another county. And that whenever it becomes necessary to employ a guard to keep a prisoner, it is the duty of the county where such guard is employed, to pay the guard; and that because such county ought by law to have a jail sufficient to keep every prisoner without guard. The answer to this seems to be, that in extraordinary cases, the sheriff may by the advice of two justices of the peace, employ a guard; and that very few jails ever were or can be sufficient of themselves, to guard prisoners from external force of out of door friends. But it is insisted

that there is nothing on the record which shews that the prisoner was sent from any other county, to the jail of Perry county for safe keeping, or on a change of venue. We are satisfied that the county court in their second reason in their answer to the rule, intend to affirim and do affirm, that the prisoner was not a prisoner of and belonging to Perry county, but was sent to that jail from another county; for what reason he was seht, whether for safekeeping or on a change of venue, does not appear.

The fact then that the prisoner belonged to another county, is sufficient to discharge the county of Perry. The court in their answer, cite and rely on the 16th section of the revised code of 1825, respecting jails and jailors, p. 415, which says that in all cases where a person is committed from another county, for a criminal offence under this act, such county, or the prisoner or the State, shall pay the expenses in the same manner as if the commitment had been in the county where the offence was committed; and in civil suits, the plaintiff or defendant shall pay the costs &c. It is not disputed that the commitment was under this act: It would be in our opinion, exceedingly unjust, to fix the costs of the guard on the county of Perry. Whether the State or some other county may be liable for these costs, it is not necessary to consider; as to who is liable, the law appears to be clear enough. Judgment reversed.